932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John MALKIEWICZ, Chelli Malkiewicz, Tim Lemons, Mickey
Lemons, Plaintiffs-Appellants,
v.
R.R. DONNELLEY & SONS COMPANY, Defendant-Appellee.
 No. 89-6211.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1991.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon the responses of the parties to a clerk's order entered under Local Rule 8(b), Sixth Circuit Rules. The order directed the parties to state what issues, if any, remain for the court's consideration.
 
 
 3
 The plaintiffs appealed the dismissal of their diversity action for injuries incurred during employment. The defendant is the parent company of the plaintiffs' employer as well as the guarantor of the employer's self-insurance obligations under Tennessee workers' compensation law. The district court held that under Tennessee law the defendant was immune and that the plaintiffs' sole remedy was under Tennessee workers' compensation law. Upon appeal to this court, the plaintiffs moved to certify the issue of law as to defendant's immunity to the Tennessee Supreme Court. The defendant concurred in the motion. By a prior order, the question of law was certified to the Tennessee Supreme Court. That court subsequently issued its decision, concluding that the district court properly construed Tennessee law, and has submitted its decision to this court.
 
 
 4
 Following the decision of the Tennessee Supreme Court, a clerk's order was entered directing the parties to state what, if anything, remained for this court's consideration. The plaintiffs respond that they believe the Tennessee court's decision to be in error, and, alternatively, that a second issue remains for this court's consideration. The defendant asserts that the only remaining issue is not worthy of full briefing and argument and asks that the district court's decision be affirmed pursuant to Local Rule 9(b), Local Rules of the Sixth Circuit.
 
 
 5
 The decision of the Tennessee Supreme Court "authoritatively" decides the issue raised by the plaintiff. See Local Rule 9(b)(2). The immunity question was certified to that court on the plaintiffs' motion, and they have demonstrated no reason not to follow that determination. This court's decision in Boggs v. Blue Diamond Coal Co., 590 F.2d 655 (6th Cir.), cert. denied, 444 U.S. 836 (1979), does not require a contrary result. Further, no additional briefing or argument on the plaintiffs' second appellate issue is necessary. See Local Rule 9(b)(3). Matters of scheduling are within the district court's discretion, and we conclude that no abuse of that discretion occurred in this case.
 
 
 6
 It is therefore ORDERED that the district court's decision of January 1, 1989, and post-judgment order of August 18, 1989, are affirmed. Rule 9(b), Local Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, District Judge for the Northern District of Ohio, sitting by designation